UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GILBERT ROBINSON,              :     **CIVIL NO. 1:10-CV-00680**

                             :

        Petitioner      :     (Judge Conner)

                             :

       v.               :     (Magistrate Judge Smyser)

                             :

T.R. SNIEZEK, Warden,       :

                             :

        Respondent      :

## **REPORT AND RECOMMENDATION**

On May 22, 2003, the petitioner was indited in this court for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). *USA v. Robinson,* 4:CR-03-0121 (M.D.Pa.)(Doc. 1). On July 24, 2003, a superseding indictment was filed charging the petitioner with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). *Id.* at Doc. 26. The petitioner initially pled not guilty to the charges in the superseding indictment. *Id.* at Doc. 48.

The petitioner filed a motion for suppression challenging the search of the vehicle in which he had been a passenger. *Id.* at Doc. 88. He sought to have the court suppress items found during the search of the vehicle. *Id.* He also sought to have the court suppress as fruit of the poisonous tree items found on him and at his hotel room and statements made by him after he was arrested. *Id.* After a hearing, Judge Jones denied the petitioner's motion for suppression. *Id.* at Doc. 124. Judge Jones found that the petitioner did not have standing to challenge the search of the vehicle. *Id.* at Doc. 124 at 7. Judge Jones further found that the driver of the vehicle had consented to the search. *Id.* at Doc. 124 at 10.

On May 5, 2004, the petitioner pled guilty to conspiracy to deliver in excess of 50 grams of crack cocaine and heroin. *Id.* at Docs. 147 & 204. On May 24, 2004, Judge Jones sentenced the petitioner to *inter alia* a term of imprisonment of 292 months. *Id.* at Doc. 204. In 2006, the United States Court of Appeals for the Third Circuit affirmed

the petitioner's sentence. *United States v. Robinson,* 186
Fed.Appx. 240 (3d Cir. 2006).

On June 15, 2007, the petitioner filed a motion to
vacate, set aside or correct his sentence pursuant to 28 U.S.C.
§ 2255. *USA v. Robinson,* 4:CR-03-0121 (M.D.Pa.)(Doc. 240).
Judge Jones denied that motion. *Id.* at Docs. 245 & 291.

On March 29, 2010, the petitioner filed the instant
petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2241.  The petitioner contends that the search of the car in
which he had been a passenger was based in part on his race and
his place of residence.  He claims that the search violated his
equal protection rights and his rights under the Fourth
Amendment.  We conclude that the petitioner may not challenge
his conviction by way of a 28 U.S.C. § 2241 habeas petition.

28 U.S.C. § 2255 provides:

> (a) A prisoner in custody under sentence of a
> court established by Act of Congress claiming the right
> to be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of the
> United States, or that the court was without

jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by
law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate,
set aside or correct the sentence.

. . . .

(e) An application for a writ of habeas corpus in
behalf of a prisoner who is authorized to apply for
relief by motion pursuant to this section, shall not be
entertained if it appears that the applicant has failed
to apply for relief, by motion, to the court which
sentenced him, or that such court has denied him
relief, unless it also appears that the remedy by
motion is inadequate or ineffective to test the
legality of his detention.

To be able to bring a 28 U.S.C. § 2241 petition for a

writ of habeas corpus, the petitioner must establish that he

satisfies the safety-valve language of § 2255, i.e. that the

remedy by a § 2255 motion is inadequate or ineffective to test

the legality of his detention. *Manna v. Schultz*, 591 F.3d 664,

665 (3d Cir. 2010). The safety-valve language in § 2255 has

been strictly construed. *See Application of Galante*, 437 F.2d

1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards

prevailing in circuit where sentencing court located does not

render § 2255 remedy inadequate or ineffective); *Millan-Diaz v.*

*Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the

administration of a § 2255 motion in a particular case do not

make the remedy inadequate or ineffective); *United States ex*

*rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even

if the sentencing court incorrectly disposes of a proper motion

under § 2255 the proper remedy would be by appeal of that

decision and not a habeas corpus petition).  A motion under

§ 2255 is inadequate or ineffective only where it is

established "'that some limitation of scope or procedure would

prevent a Section 2255 proceeding from affording the prisoner a

full hearing and adjudication of his claim of wrongful

detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting

*Leguillou, supra*, 212 F.2d at 684).


28 U.S.C. § 2255 establishes a one-year statute of

limitations applicable to § 2255 motions.  Also, before a

second or successive § 2255 motion may be considered by the

district court, it must be certified by a three judge panel of

the court of appeals to contain:

> (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.


"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.


In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18

U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id*. at 248. The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251. However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his

> conviction for a crime that an intervening change in
> substantive law may negate, even when the government
> concedes that such a change should be applied
> retroactively - is hardly likely to undermine the
> gatekeeping provisions of § 2255.

119 F.3d at 251.


The petitioners in *Dorsainvil* and similar cases were

allowed to present their claims that they were imprisoned for

conduct that the Supreme Court had determined is not illegal

(actual innocence claim) in a § 2241 petition because they did

not have an unobstructed procedural opportunity to raise their

claim in a § 2255 motion since they had filed a § 2255 motion

prior to the *Bailey* decision and did not meet the requirements

for filing a second § 2255 motion after *Bailey*.  It was the

fact that the petitioners in *Dorsainvil* and other similar cases

did not have an unobstructed procedural opportunity to raise

their claims of actual innocence that led the courts in those

cases to allow 28 U.S.C. § 2241 petitions. *Abdullah v. Hedrick*,

392 F.3d 957, 960 (8th Cir. 2004)(analyzing *Dorsainvil* and other

similar cases and stating that courts have "limited the use of

§ 2241 petitions to cases in which the petitioner asserts a

claim of actual innocence and never had an unobstructed procedural opportunity to raise the claim.").

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. The petitioner's claim is not that he was convicted of conduct later deemed to be noncriminal by a change in the law. Moreover, the petitioner could have raised the claims that he is seeking to raise in this habeas petition on direct appeal or in his earlier Section 2255 motion.

The petitioner contends that he could not have raised his claims in his Section 2255 motion because at the time that he filed his Section 2255 motion he did not have the right to challenge the search. He contends that that changed with the Supreme Court's decision in *Brendlin v. California,* 551 U.S. 249 (2007). The petitioner contends that in *Brendlin,* the Supreme Court held that a passenger of a vehicle has a Fourth Amendment right to contest a search of the vehicle. That, however, was not the holding of *Brendlin.* In *Brendlin*, the Court held that when a police officer makes a traffic stop a

passenger in the stopped vehicle is seized within the meaning of the Fourth Amendment and, therefore, the passenger may challenge the constitutionality of the stop. The Court in *Brendlin* did not hold that a passenger has standing to challenge a search of the vehicle. In the instant case, the petitioner has made clear that he is challenging the search of the vehicle not the initial traffic stop. Thus, *Brendlin* is not applicable.

Even if *Brendlin* were applicable, the petitioner still would not be able to establish that he falls within the safety valve language of § 2255. The petitioner is challenging a search and the admission of evidence uncovered as a result of that search. The petitioner is not claiming that he is actually innocent and that he did not have a procedural opportunity to raise that claim. Accordingly, the petitioner does not fall within the narrow exception set forth in *Dorsainvil.*

The petitioner may not resort to habeas corpus to present his claims.  Accordingly, it will be recommended that the petition be dismissed.[1]


Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.


                                    **/s/ J. Andrew Smyser**
                                    J. Andrew Smyser
                                    Magistrate Judge


Dated:  May 20, 2010.

---

1.  In addition to arguing that the petition should be dismissed because the petitioner may not pursue his claims by way of a § 2241 habeas petition, the respondent contends that the petition should be dismissed as a second and successive § 2255 motion. Since the petition is titled as a § 2241 petition not a § 2255 motion, we will not construe it as a § 2255 motion.  If, however, the petition were construed as a § 2255 motion it should be dismissed as a second or successive motion filed without leave of the United States Court of Appeals for the Third Circuit.  The respondent also contends that the petitioner's claims are barred by his guilty plea.  Since we conclude that the petitioner's claims are not cognizable as § 2241 habeas claims, we need not address that issue.