# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILBERT ROBINSON,** | : | **CIVIL ACTION NO. 1:10-CV-0680** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **T.R. SNIEZEK,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 7th day of July, 2010, upon consideration of the report (Doc. 10) of the magistrate judge, recommending that the petition (Doc. 1) for writ of habeas corpus, filed by petitioner Gilbert Robinson ("Robinson") pursuant to 28 U.S.C. § 2241, be dismissed because Robinson's petition was improperly filed, and, following an independent review of the record, it appearing that Robinson has previously filed and fully litigated before this court a petition for habeas corpus pursuant to § 2255, (see Doc. 10 at 3), that Robinson's instant attempt to file a § 2241 petition is procedurally improper, (see Doc. 10 at 4), that his petition does not satisfy the safety-valve language of § 2255(e), (see Doc. 10 at 9); see also Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010) (stating that the remedy under § 2255 is not inadequate or ineffective merely because relief was denied, nor because a petitioner fails to meet the requirements for a second or successive § 2255 motion); United States ex rel. Leguillo v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (explaining that the remedy is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the

prisoner a full hearing and adjudication of his claim of wrongful detention"), and it further appearing that neither party has objected to the magistrate judge's recommendation,[1] and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 10) of the magistrate judge is ADOPTED.

2. The petition (Doc. 1) for habeas corpus is DISMISSED.

---

[1] Objections to the report were due on or before June 7, 2010. (See Doc. 10.) On June 2, 2010, Robinson filed a notice of appeal. His filing raises no substantive objections to the report and appears to be nothing more than a prematurely filed notice of appeal.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. The Clerk of Court is directed to CLOSE this case.

                                                   S/ Christopher C. Conner
                                                   CHRISTOPHER C. CONNER
                                                   United States District Judge